IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODOLPHO VELA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-cv-3376 |
| | § | |
| HARRIS COUNTY, DUPUTY | § | |
| ANTHONY LEWIS, DEPUTY | § | |
| CHANCE TALBOTT, SERGEANT | § | |
| LOUIS MEDINA, SERGEANT | § | |
| LELAND FAIRCHILD, AND | § | |
| LIEUTENTANT CHRISTOPHER | § | |
| ADOLPH, | § | |
| | § | |
| *Defendants*. | | |

### DEFENDANTS LOUIS MEDINA AND CHRISTOPHER ADOLPH'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Louis Medina and Christopher Adolph (hereinafter "Defendants") file this Motion for Summary Judgment pursuant to Rule 56, Federal Rules of Civil Procedure, and the Court's scheduling order dated September 27, 2024 [Doc. #37]. In support of said motion, they would respectfully show the Court as follows:

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................................................ii

TABLE OF AUTHORITIES ..........................................................................................................ii

    I.    Statement Of The Nature and Stage of Proceedings............................................................ 1

    II.    Statement of Issues and Statement of Facts ...................................................................... 1

        A.    Statement of Issues ....................................................................................................... 1

        B.    Statement of Facts........................................................................................................ 1

    III.    Summary of Argument ....................................................................................................3

    IV.    Argument and Authorities................................................................................................ 4

        A.    Standard of Review.................................................................................................... 4

        B.    Vela's §1983 Claims against  Defendants Fail as a Matter of Law............................... 6

# TABLE OF AUTHORITIES

Page(s)

Cases

*Allen v. Cisneros*,
   815 F.3d 239 (5th Cir. 2016) ................................................................................................ 6

*Arnold v. Williams,*
   979 F.3d 262 (5th Cir. 2020) ................................................................................................ 5

*Arsenaux v. Roberts*,
   726 F.2d 1022 (5th Cir. 1982) .............................................................................................. 7

*Ashcroft v. al-Kidd*,
   565 U.S. 731 (2011).............................................................................................................. 6

*Austin v. Kroger Tex., L.P.*,
   864 F.3d 326 (5th Cir. 2017) ................................................................................................ 4

*Backe v. Le Blanc*,
   691 F.3d 645 (5th Cir. 2012) ................................................................................................ 5

*Bellard v. Gautreaux*,
   675 F.3d 454 (5th Cir. 2012) ................................................................................................ 5

*Bennett v. Hartford Ins. Co. of Midwest*,
   890 F.3d 597 (5th Cir. 2018) ................................................................................................ 4

*Celotex Corp. v. Catreet*,
   477 U.S. 317 (1986).............................................................................................................. 4

*Dyer v. Houston*,
   964 F.3d 374 (5th Cir. 2020) ................................................................................................ 5

*Hale v. Townley*,
    45 F.3d 914 (5th Cir. 1995) ..................................................................................................6
*Heaney v. Roberts*,
    846 F.3d 795 (5th Cir. 2017) ................................................................................................7
*Infant v. Law Office of Joseph Onwuteaka, P.C.*,
    735 F. App'x 839 (5th Cir. 2018) .........................................................................................4
*Jones v. Anderson*,
    721 F. App'x 333 (5th Cir. 2018) .........................................................................................4
*Kim v. Hospira, Inc.*,
    709 F. App'x 287 (5th Cir. 2018) .........................................................................................4
*King v. Handorf*,
    821 F.3d 650 (5th Cir. 2016) ................................................................................................5
*McCarty v. Hillstone Rest. Grp., Inc.*,
    864 F.3d 354 (5th Cir. 2017) ................................................................................................4
*Messerschmidt v. Millender*,
    565 U.S. 535 (2012) ..............................................................................................................5
*Mitchell v. Mills*,
    895 F.3d 365 (5th Cir. 2017) ................................................................................................5
*Montgomery v. Walton*,
    759 F. App'x 312 (5th Cir. 2019) .........................................................................................7
*Morgan v. Swanson*,
    659 F.3d 359 (5th Cir. 2011) ................................................................................................6
*Morrow v. Meachum*,
    917 F.3d 870 (5th Cir. 2019) ................................................................................................5
*Mullenix v. Luna*,
    136 S. Ct. 305 (2015) ............................................................................................................6
*Reichle v. Howards*,
    566 U.S. 658 (2012) ..............................................................................................................5
*Starks v. City of Waukegan*,
    123 F. Supp. 3d 1036 (N.D. Ill. 2015) .................................................................................7
*Tarver v. City of Edna*,
    410 F.3d 745 (5th Cir. 2005) ................................................................................................6
*Thomas v. Tregre*,
    913 F.3d 458 (5th Cir. 2019) ................................................................................................4
*Trent v. Wade*,
    776 F.3d 368 (5th Cir. 2015) ................................................................................................4
*Vann v. City of Southaven*,
    884 F.3d 307 (5th Cir. 2018) ................................................................................................4
*Villegas v. City of El Paso*,
    No. EP-15-CV-00386-FM, 2020 WL 981878 (W.D. Tex. Feb. 28, 2020) ........................6
*Washington ex rel. J.W. v. Katy Indep. School Dist.*,
    390 F.Supp.3d 822 (S.D. Tex. Jun 5, 2019) ........................................................................5
*Whitley v. Hanna*,
    726 F.3d 631 (5th Cir. 2013) ................................................................................................6

Rules


Fed. R. Civ. P. 56(a) ............................................................................................................... 4
Rule 56, Federal Rules of Civil Procedure ............................................................................ i, 4

I.       STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

1. This civil rights case stems from the detention and arrest of Plaintiff Rodolpho Vela, Sr. ("Vela") on or about September 9, 2021 in Harris County, Texas [Doc. #9]. Vela alleges that Adolph and Medina fabricated evidence, failed to intervene and conspired to violate Vela's constitutional rights. [*Id*.]. This court dismissed the fabrication claims against Adolph and Medina. (See Order of March 26, 2024 Doc #28).

2. Defendants timely answered and asserted they are cloaked by qualified immunity. Based on the Court's scheduling order, Defendants now move for summary judgment on Plaintiff's claims against them and respectfully requests that this Court grant said motion as a matter of law.

II.       STATEMENT OF ISSUES AND STATEMENT OF FACTS

A. **Statement of Issues**

3. The issues to be ruled upon by the Court are as follows:

(a) Are Defendants entitled to qualified immunity on Vela's

    (1) Failure to intervene claim
    (2) Civil conspiracy claim

(b) Does Vela's punitive damages claim fail as a matter of law?

B. **Statement of Facts**

4. On September 9, 2024 at around 4 am, Medina, a Sergeant, and Adolph a Lieutenant, responded as Harris County Sheriff supervisors to a high speed pursuit over 10 miles in length which reached speeds of 100 miles per hour and ended at Vela's residence, 13158 Kinsman Road, Houston, Texas 77094. Sgt. Fairchild was the immediate supervisor of two uniform rookie deputies, Chance Talbott and Anthony Lewis, who were operating separate marked patrol vehicles as lead vehicles in the pursuit. Both were recently appointed deputies with no prior high speed pursuit experience. Lewis informed Fairchild that as the vehicle they pursued turned into the

driveway of 13158 Kinsman, they observed Vela alone in the driveway and perceived him a threat given the very early morning time and felony nature of the pursuit. (Affidavits of Anthony Lewis ¶¶ 4-5 and Chance Talbott ¶¶4-6)

5. Talbott and Lewis reported they learned that Vela's adult son was operating the pursued vehicle and that both Velas had been communicating with each other on cell phone at the conclusion of the pursuit. Lewis advised that Lewis forcefully pushed Vela to the ground because he was a threat. Vela remained on the ground, and Fairchild ensured that emergency medical technicians were summoned to assess and treat Vela. (Affidavit of Leland Fairchild ¶¶4-6)

6. Another deputy retrieved a handgun that was believed to be thrown from the car by Vela's son during the pursuit. Talbott, as lead deputy in the pursuit initiated a call to the Harris County District Attorney's staff attorney ("ADA") on call. Medina and Adolph did not participate in the call. Talbott sought felon in possession of a firearm and evading arrest charges on Vela's adult son. Talbott also sought an interference with public duty on Vela. As supervisor Fairchild overheard the cellphone conversation of Talbott and the ADA and remarked, "you need to go for interfering at this point. We used force as well so". [Talbot BWC 4:13:39]. By that remark Fairchild sought to remind Talbott and Lewis to consider all actors in their investigation and seek appropriate charges. (Affidavit of Leland Fairchild ¶¶7-9)

7. Later Fairchild reviewed the BWC footage of the incident found there was no violation of policy by the deputies. (Affidavit of Leland Fairchild ¶8)

8. Defendant were not the immediate supervisors of Talbott and Lewis and did not take any enforcement action or the call to the ADA. (Medina Affidavit ¶¶4-6, Adolph Affidavit)

9. Defendants attach and concurrently file the following summary judgment evidence, which is incorporated in its entirety by reference for all purposes as if set forth verbatim:

2

| | |
|---|---|
| Exhibit A: | Affidavit of Chance Talbott |
| Exhibit B: | Affidavit of Anthony Lewis |
| Exhibit C: | Affidavit of Leland Fairchild |
| Exhibit D: | Talbott HCSO Body Worn Camera footage [Bates #HC_272] |
| Exhibit E: | Lewis HCSO Body Worn Camera footage [Bates #HC_271] |
| Exhibit F: | HCSO BWC policy 618 [HC_0389-403] |
| Exhibit G: | Incident 2109-03339 |
| Exhibit H: | Business Records Affidavit |
| Exhibit I: | Deposition of Rodolpho Vela, pages 36-45, 52 |
| Exhibit J: | Probable Cause Affidavit and Charging Document |
| Exhibit K: | Order of Dismissal Case 237580401010 |
| Exhibit L: | Expert report of Michael Dirden |
| Exhibit M: | Affidavit of Louis Medina |
| Exhibit N: | Affidavit of Christopher Adolph |

### III. SUMMARY OF ARGUMENT

10. Defendants are entitled to summary judgment as a matter of law regarding Plaintiff's civil rights claims because they are entitled to qualified immunity. There was reasonable suspicion to detain Vela and probable cause to arrest Vela. Moreover, there is no basis to support the claim of failure to intervene. Defendants did not conspire to violate Vela's constitutional rights. The claim for punitive damages is not supported by the facts. Therefore, all of Plaintiff's claims against them fail and must be dismissed.

## IV. ARGUMENT AND AUTHORITIES

### A. Standard of Review

11. **Summary Judgment.** Summary judgment is proper under Rule 56 when the movant establishes that it is entitled to judgment as a matter of law because "there is no genuine dispute as to any material fact." *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015); *see also* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catreet*, 477 U.S. 317, 322 (1986); *Vann v. City of Southaven*, 884 F.3d 307, 309 (5th Cir. 2018). Disputes about material facts are "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018).

12. The movant can meet this initial burden by pointing to "the absence of evidence and thereby shift to the non-movant the burden of demonstrating…that there is an issue of material fact warranting trial." *Kim v. Hospira, Inc.*, 709 F. App'x 287, 288 (5th Cir. 2018). While the movant must demonstrate the absence of a genuine issue of material fact, the movant does not need to negate the elements of the non-movant's case. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017). A fact is material if it "might affect the outcome of the suit." *Thomas v. Tregre*, 913 F.3d 458, 463 (5th Cir. 2019).

13. Once the burden shifts, the non-movant "cannot survive a summary judgment motion be resting on the mere allegations of its pleadings." *Jones v. Anderson*, 721 F. App'x 333, 335 (5th Cir. 2018). The non-movant cannot demonstrate the existence of a material fact "by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 357 (5th Cir. 2017).

14. To avoid summary judgment, the non-movant must identify specific evidence in the record and articulate how that evidence supports the specific claim. *Infant v. Law Office of Joseph*

4

*Onwuteaka, P.C.*, 735 F. App'x 839, 843 (5th Cir. 2018). "The evidence proffered by the [non-movant] to satisfy his burden of proof must be competent and admissible at trial." *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

15. **Qualified Immunity**. Qualified immunity is an affirmative defense that shields a government official "from civil damages liability unless [he] violated a statute of constitutional right that was clearly established at the time of the challenged conduct." *Reichle v. Howards*, 566 U.S. 658, 664 (2012). The doctrine "gives government officials breathing room to make reasonable but mistaken judgments and protects all but the plainly incompetent or those who knowingly violate the law." *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012); *see also Morrow v. Meachum*, 917 F.3d 870, 876 (5th Cir. 2019).

16. When a defendant invokes qualified immunity, the plaintiff must demonstrate that the defense does not apply. *See King v. Handorf*, 821 F.3d 650, 653 (5th Cir. 2016). The "plaintiff seeking to overcome qualified immunity, must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Arnold v. Williams,* 979 F.3d 262, 266 (5th Cir. 2020) (citing *Backe v. Le Blanc*, 691 F.3d 645, 648 (5th Cir. 2012)); *see also Dyer v. Houston*, 964 F.3d 374, 380 (5th Cir. 2020) (plaintiff "must rebut the defense [of qualified immunity] by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law"). "Conclusory allegations and unsubstantiated assertions [of wrongdoing] cannot overcome the qualified immunity defense." *Washington ex rel. J.W. v. Katy Indep. School Dist.*, 390 F.Supp.3d 822, 838 (S.D. Tex. Jun 5, 2019); *see also Mitchell v. Mills*, 895 F.3d 365, 370 (5th Cir. 2017).

5

17. To negate the qualified immunity defense, plaintiff must establish that (1) a public officer's conduct violated a constitutional right and (2) that said conduct was objectively unreasonable in light of clearly established law at the time of the alleged violation. *Ashcroft v. al-Kidd*, 565 U.S. 731, 735 (2011); *Allen v. Cisneros*, 815 F.3d 239, 244 (5th Cir. 2016). "When considering a defendant's entitlement to qualified immunity, [a court] must ask whether the law so clearly and unambiguously prohibited his conduct that '*every* reasonable official would understand that what he is doing violates [the law].'" *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011). "If officers of reasonable competence could disagree as to whether the plaintiff's rights were violated, the officer's qualified immunity remains intact." *Tarver v. City of Edna*, 410 F.3d 745, 750 (5th Cir. 2005). The court "must be able to point to controlling authority—or a 'robust consensus of persuasive authority'—that defines the contours of the right in question with a high degree of particularity." *Morgan*, 659 F.3d at 371–72 (citation omitted). A case directly on point is not required, "but existing precedent must have placed the statutory or constitutional question beyond debate." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015).

**B.     Vela's §1983 Claims against Defendants Fail as a Matter of Law**

18. **Failure to Intervene**. A laws enforcement officer may be liable for failure to intervene where the officer "(1) knows that a fellow officer is violating ng an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013); *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995). Although failure to intervene, also called bystander liability, generally arises in the context of another officer's use of force, it has also been applied when an officer fails to intervene in another's fabrication of evidence. *See, e.g.*, *Villegas v. City of El Paso*, No. EP-15-CV-00386-FM, 2020 WL 981878, at *9 (W.D. Tex. Feb. 28, 2020), *aff'd sub nom. Villegas v. Arbogast*, 836 F. App'x 334 (5th Cir. 2021). Defendants contend there is no underlying constitutional violation. And thus no

6

duty to intervene and additionally no opportunity to intervene. Thus the claim against them is unsupported factually.

19. **Conspiracy.** There is no evidence that Defendants participated in any "agreement...to frame Vela" Further, there is no evidence of any underlying constitutional violation(s). "Conclusory allegations that do not reference specific factual allegations tending to show an agreement do not suffice to state a civil rights conspiracy claim under § 1983." *Montgomery v. Walton*, 759 F. App'x 312, 315 (5th Cir. 2019) (per curiam) (citing *Arsenaux v. Roberts*, 726 F.2d 1022, 1023-24 (5th Cir. 1982)). Vela can point to no controlling authority compelling a contrary conclusion. *See also Starks v. City of Waukegan*, 123 F. Supp. 3d 1036, 1055, 1068 (N.D. Ill. 2015) ("Starks has not adduced evidence—beyond mere say-so and conjecture—showing that [defendants] deliberately or knowingly falsified their reports"; "to find on this record a conspiracy would amount to mere speculation, and it is well-settled that conjecture alone cannot defeat a summary judgment motion") (internal quotation marks omitted).

20. **Punitive Damage Claim**. Plaintiff has failed to show any evidentiary basis for an award of punitive damages. *See Heaney v. Roberts*, 846 F.3d 795, 803 (5th Cir. 2017) as Medina and Adolph avers they harbored no ill will or malice toward Plaintiff. Accordingly, this claim should be dismissed.

## CONCLUSION

21. For the reasons stated herein, there is no genuine issue of material fact as to any of Plaintiff's allegations against Defendants. Defendants are therefore, entitled to qualified immunity and summary judgment as a matter of law. Accordingly, summary judgment should be granted on behalf of Defendants.

WHEREFORE, PREMISES CONSIDERED, Defendants MEDINA and ADOLPH pray that this Court grant their motion for summary judgment as to all of Plaintiff's claims against them,

enter a final judgment of dismissal and for all other relief to which these defendants are justly entitled.

Date: March 6, 2025

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, & REAL ESTATE DIVISIONS

By:   */s/ James C Butt*
**JAMES C. BUTT**
Lead Attorney
State Bar No. 24040354
Fed. Bar No. 22721
Lead Attorney james.butt@harriscountytx.gov
**VERONICA L. JONES**
Assistant County Attorney
ATTORNEY TO BE NOTICED
State Bar No. 24097902
Federal ID No. 3639763
Veronica.Jones@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress
Houston, Texas 77002
Tel: (713) 274-5133 (direct)
Fax: (713) 755-8823

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this certificate is attached was filed with the clerk of the court using CM/ECF system, which will send electronic notification for those listed of record who receive electronically filed documents.

                                                */s/ James C. Butt*  
                                                James C. Butt